## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **Anthony Jackson**, individually and on behalf of all other similarly situated individuals, | Case No. 19 CV 2661<br>Case Type: FLSA/Overtime |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**(WITH JURY DEMAND)** |
| **FLSmidth, Inc.**; | |
| Defendant. | |

Plaintiff Anthony Jackson, individually and on behalf of all others similarly situated, by and through his attorneys, Josh Sanford of the Sanford Law Firm, PLLC (*pro hac vice* application submitted contemporaneously with this Complaint) and Joshua A. Newville of Madia Law LLC (local counsel), for his collective action Complaint against Defendant FLSmidth, Inc., hereby states and alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Minnesota Payment of Wages Act, Minn. Stat. § 181, *et seq.* Plaintiff seeks declaratory judgment, injunctive relief, compensatory damages,

liquidated damages, treble damages, pre- and post-judgment interest, costs, and reasonable attorneys' fees. Plaintiff sues as a result of Defendant's unlawful pay deductions and minimum wage violations, as well as Defendant's failure to pay Plaintiff and all others similarly situated proper overtime wage compensation for all applicable hours worked by Plaintiff and those similarly situated.

2.       This Court has original subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.       Plaintiff's claims under Minn. Stat. § 181 form part of the same case or controversy, and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

4.       Defendant employed Plaintiff in this State and District.

5.       Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because:  1) Defendant both conducts business and resides in this State and District, and 2) a substantial part of the acts or omissions giving rise to the claims occurred in this State and District.

**THE PARTIES**

6.      Plaintiff Anthony Jackson is an individual citizen of the United States and a resident and domiciliary of the State of Arkansas. Plaintiff worked for Defendant as an hourly employee from approximately 1998 until May of 2019.

7.      Plaintiff brings this representative collective action pursuant to 29 U.S.C. § 216(b), on behalf of:

> *All hourly employees at Defendant's Minnesota location during any time from three years prior to the filing of the Complaint until the completion of the litigation.*

Plaintiff reserves the right to amend this definition if necessary.

8.      The individuals in the collective are similarly situated in that they share traits such as:

    A.      They were not paid proper overtime wages as required by the FLSA;

    B.      They worked more than forty (40) hours in some or all weeks;

    C.      They had substantially similar job duties, requirements, and pay provisions; and

    D.      They worked at Defendant's Minnesota jobsite.

9.      Plaintiff is presently unable to state the exact number of similarly situated individuals but knows that there are other employees who worked at the Minnesota jobsite and were not paid proper overtime compensation.

10.     Defendant can readily identify the members of the Section 16(b) class, which encompasses all non-exempt employees who worked at the Minnesota jobsite in the last three years.

11.     The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective as soon as possible.

12.     Pursuant to the FLSA, Plaintiff's written consent form is attached hereto as Exhibit A. As the case proceeds, it is likely that other individuals will also sign consent forms and join this case.

13.     At all times relevant to this Complaint, Plaintiff and those similarly situated worked as "employee[s]" of Defendant, who acted as their "employer," as those terms are used in 29 U.S.C. § 203(d) and Minn. Stat. § 181, *et seq.*

14.     At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA and the Minnesota Payment of Wages Act.

15.     Defendant conducts or conducted business within the State of Minnesota, operating and managing a business which sells equipment and services to the cement and mining industries.

16.     Defendant is a foreign business corporation, registered to do business in Minnesota.

17.     Defendant's Minnesota-registered agent and address for service is CT Corporation System, 1010 Dale Street N, St. Paul, Minnesota 55117.

18.     Defendant has at least two (2) employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

19.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint. Defendant's business activities involve those to which the FLSA applies and Defendant is subject to enterprise coverage under the FLSA.

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

21.     At all times material herein, Plaintiff and those similarly situated were classified by Defendant as hourly employees, non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.

22.     At all relevant times herein, Defendant directly hired Plaintiff and similarly situated employees to work on Defendant's behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

23.     Defendant hired Plaintiff in 1998.

24.     During the period relevant to this lawsuit, Plaintiff worked at Defendant's jobsite in Minnesota.

25.     During Plaintiff's time at the Minnesota jobsite, and as of May 2019, Plaintiff's employment compensation with Defendant was set by Defendant at a regular rate of $44.60 per hour.

26.     Throughout the three years prior to the filing of this lawsuit, and as of May 2019, Plaintiff worked for Defendant as a "journeyman." His job responsibilities included cutting, welding, and grinding.

27.     Plaintiff and the similarly situated individuals were classic "blue collar workers" under the FLSA, subject to strict supervision, lacking managerial or supervisory authority, and not highly trained or compensated employees as those terms are used pursuant to the FLSA. Further, Plaintiff and the similarly

situated individuals did not do any of the following (as such tasks are defined

pursuant to the FLSA and relevant caselaw):

A.   control or direct business operations;

B.   make decisions and issue directions to other employees that require skill and judgment;

C.   have a position that requires advanced skill or knowledge in a field of science or learning;

D.   impart advanced skill or knowledge;

E.   have a position that requires creative talent;

F.   have the authority to represent the company to outside entities such as state or federal governments;

G.   have the authority to hire/fire other employees; nor are their recommendations regarding other employees' status given particular weight;

H.   interview applicants

I.   select which employees should be hired;

J.   set and adjust employees' rate of pay;

K.   set and adjust employees' schedules;

L.   rate individual employees' productivity and efficiency to recommend promotions or other changes in status;

M.   handle employee complaints or grievances;

N.   discipline employees;

O.   plan and control a budget;

P.   monitor or implement legal compliance measures;

Q.   determine the techniques to be used for managing and performing organizational workload;

R.   provide for the safety and security of employees;

S.   determine the type of materials, supplies, machinery, equipment or tools to be purchased and/or used by employees;

T.   make essential management decisions;

U.   regularly exercise discretionary powers;

V.   have freedom from supervision; and

W.     have a primary duty involving exercising discretion and independent judgment.

28.     Furthermore, regardless of whether or not Plaintiff and the similarly situated individuals performed any of the foregoing tasks (as they are defined and interpreted by the FLSA and the applicable caselaw), Defendant classified and paid Plaintiff and the similarly situated individuals as hourly employees such that Plaintiff and the similarly situated individuals would be rendered non-exempt employees for the entirety of the applicable statutory period.

29.     Defendant did not pay Plaintiff or the similarly situated individuals a set, regular salary that was consistent per pay period regardless of the exact number of hours worked in each period.

30.     Defendant did not allow Plaintiff and the similarly situated individuals to have partial day absences without a reduction in pay.

31.     Defendant did not allow Plaintiff and the similarly situated individuals to work less than forty hours per week without a reduction in pay.

32.     During the period relevant to this lawsuit, Plaintiff and the similarly situated individuals regularly worked more than forty (40) hours per week for Defendant.

33.    Yet, during those same weeks, Defendant regularly did not pay Plaintiff and the similarly situated individuals a proper overtime wage of a full one and one-half times their regular rate of pay for all such hours. For example, Defendant paid Plaintiff approximately $10.00 per hour less than the federally-mandated rate.

34.    Further, Defendant failed to pay Plaintiff a minimum wage during Plaintiff's final pay period in Minnesota as required by the FLSA, 29 U.S.C. § 206.

35.    Plaintiff worked thirty-six (36) hours during his final pay period with Defendant. Accordingly, Plaintiff's final paycheck should have been approximately $1,600.00.

36.    However, after Plaintiff stayed one extra night in an $82 per night hotel room that was charged to Defendant, Defendant reduced Plaintiff's final paycheck by approximately $1,450.00—so that Plaintiff's final paycheck totaled approximately $150.00. As a result, Defendant only paid Plaintiff approximately $4.17 per hour worked—significantly below the applicable minimum wage.

37.    Defendant's wage and hour violations have been widespread, repeated, and consistent.

38.    Defendants' unlawful conduct was willful and in bad faith.

39.     Defendant knew or should have known that its actions violated the FLSA.

40.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

41.     In addition to the above-described FLSA violation, Defendant's conduct in deducting money from Plaintiff's final paycheck without Plaintiff's authorization violated the Minnesota Payment of Wages Act.

42.     Defendant knew or should have known that its actions in deducting money from Plaintiff's paycheck violated Minn. Stat. § 181, *et seq.*, including but not limited to § 181.79.

43.     As a result of Defendant's unlawful conduct, Plaintiff has been injured, suffering economic harm and further damages to be further determined at trial.

## COUNT I

## FAIR LABOR STANDARDS ACT

### (Plaintiff's Individual Claim for Overtime and Minimum Wage Violations)

46.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

47.     Titles 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked per week and to pay one and one-half times regular wages for all hours worked over forty (40) in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

48.     At all times relevant times to this Complaint, Defendant classified Plaintiff as an hourly employee, non-exempt from the minimum wage and overtime requirements of the FLSA.

49.     Despite the resulting entitlement of Plaintiff to a minimum wage under the FLSA, Defendant failed to pay Plaintiff a proper minimum wage for his final pay period while working in Minnesota.

50.     Despite the resulting entitlement of Plaintiff to overtime wage payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of one and one-half times his regular rate of pay for all hours worked over forty (40) each week.

51.     Defendant's failure to pay Plaintiff the required minimum wage and overtime wages was willful.

52.     By reason of the unlawful acts alleged herein, Defendant caused Plaintiff injury.

53.     Defendant is liable to Plaintiff for compensatory damages, liquidated damages, pre- and post-judgment interest, costs and expenses, and reasonable attorneys' fees. Defendant is so liable for all violations that occurred within the three (3) years prior to the filing of this Complaint. Further Plaintiff is entitled to an injunction preventing Defendant from engaging in similar conduct going forward, as well as all other legal and equitable relief this Court deems just and proper.

54.     Total damages suffered by Plaintiff are to be further determined at trial.

## COUNT II

### FAIR LABOR STANDARDS ACT

**(Collective Action Claim for Overtime Wage Violation)**

55.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

56.     At all times relevant to this Complaint, Defendant classified Plaintiff and all others similarly situated as hourly employees, non-exempt from the overtime requirements of the FLSA.

57.     Despite the resulting entitlement of Plaintiff and those similarly situated to proper overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

58.     Defendant's failure to pay Plaintiff and others similarly situated a proper overtime wage was willful.

59.     By reason of the unlawful acts alleged herein, Defendant caused Plaintiff and those similarly situated economic injury.

60.     Defendant is liable to Plaintiff and all those similarly situated for compensatory damages, liquidated damages, pre- and post-judgment interest, costs and expenses, and reasonable attorneys' fees. Defendant is so liable for all violations that occurred within the three (3) years prior to the filing of this Complaint. Further Plaintiff and all those similarly situated are entitled to an

injunction preventing Defendant from engaging in similar conduct going forward, as well as all other legal and equitable relief this Court deems just and proper.

61.    Total damages suffered by Plaintiff and those similarly situated are to be further determined at trial.

## COUNT III

## MINNESOTA PAYMENT OF WAGES ACT – MINN. STAT. § 181, *et seq.*

### (Plaintiff's Individual Claim for Unlawful Deduction Violation)

62.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

63.    Plaintiff asserts a claim for damages and declaratory relief pursuant to the Minnesota Payment of Wages Act, Minn. Stat. § 181, *et seq.*

64.    Minn. Stat. § 181.79 prohibits an employer from making any deduction from wages owed to an employee for "any . . . claimed indebtedness running from employee to employer, unless the employee, after the loss has occurred or the claimed indebtedness has arisen, voluntarily authorizes the employer in writing to make the deduction[.]"

65.    As described above, Defendant deducted wages from Plaintiff's paycheck.

66.     Plaintiff did not in any way authorize Defendant to deduct wages from Plaintiff's paycheck.

67.     By reason of Defendant's unlawful acts, and pursuant to Minn. Stat. § 181, *et seq.*, Defendant is liable to Plaintiff for civil penalties and statutory damages, including but not limited to:  compensatory damages, treble damages, liquidated damages, pre- and post-judgment interest, costs, reasonable attorneys' fees, and other appropriate relief including but not limited to injunctive relief.

68.     Total damages suffered by Plaintiff are to be further determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That notice of this lawsuit be given to all similarly situated individuals as soon as possible;

B. That the Court certify the instant suit as an opt in collective action under 29 U.S.C. 216(b);

C. That Plaintiff and the similarly situated individuals be determined and adjudicated to be non exempt and covered employees under the FLSA;

D. That the Court issue a declaratory judgment that Defendant's acts, omissions, policies, practices, and procedures complained of herein

violated provisions of the FLSA and the Minnesota Payment of Wages Act;

E.  That the Court order injunctive relief that Defendant be immediately ordered to comply with the FLSA, the Minnesota Payment of Wages Act, and all similarly applicable state wage laws;

F.  That the Court award Plaintiff and the similarly situated individuals:

    a.  statutory damages;

    b.  civil penalties;

    c.  compensatory damages;

    d.  treble damages;

    e.  liquidated damages;

    f.  pre  and post judgment interest;

    g.  costs and expenses;

    h.  attorneys' fees;

G.  That all applicable penalties be assessed against Defendant for its failure to abide by state and federal wage laws;

H.  That the practices of Defendant complained of herein be determined and adjudicated to be willful violations of the FLSA and the Minnesota Payment of Wages Act;

I.   That the practices of Defendant complained of herein be determined and adjudicated to be intentional violations of the FLSA and the Minnesota Payment of Wages Act;

J.   That Plaintiff be awarded an incentive award for serving as representative of the collective action;

K.   That Plaintiff be granted leave to amend the Complaint to add claims under applicable state and federal laws, and to add other defendants who meet the definition of Plaintiff's and the similarly situated individuals' "employer" under the FLSA and other applicable stage wage laws; and

L.   For all other relief available in law and equity.

*Plaintiff demands a jury trial.*

Dated: October 4, 2019.          **SANFORD LAW FIRM**

Josh Sanford, Arkansas Atty No. 2001037
SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040
EMAIL: josh@sanfordlawfirm.com
*Pro hac vice application pending*

Dated:  October 4, 2019.                   **MADIA LAW LLC**

                                           /s/Joshua A. Newville
                                           Joshua A. Newville, MN #395221
                                           323 Washington Ave. N., #200
                                           Minneapolis, Minnesota  55401
                                           Ph: 612.349.2743   Fax:  612.235.3357
                                           Email: newville@madialaw.com
                                           ***Local Counsel***